**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001100**
**16-NOV-2016**
**08:57 AM**

NO. CAAP-14-0001100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC.,
CHL MORTGAGE PASS-THROUGH TRUST 2007-14 MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-14,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
BERNARDITA MONTERO MAZERIK, BEDINAH DOLDOLEA VILLAFRANCA,
Defendants/Counterclaimants/Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY
AS NOMINEE FOR CENTRAL PACIFIC HOMELOANS, INC.;
EWA BY GENTRY COMMUNITY ASSOCIATION,
Defendants/Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0604)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendants/Counterclaimants/Appellants Bernardita Montero Mazerik and Bedinah Doldolea Villafranca (together, **Appellants**) appeal from the Judgment entered on August 19, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Appellants raise the following points of error:

---

[1] The Honorable Bert I. Ayabe presided.

(1) The circuit court erred in denying Appellants' motion to dismiss, which sought to dismiss the complaint for foreclosure filed by Plaintiff/Counterclaim-Defendant/Appellee the Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificate-Holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-14 Mortgage Pass-Through Certificates, Series 2007-14 (**BNYM**);

(2) The circuit court erred in dismissing Appellant's counterclaims against BNYM; and

(3) The circuit court erred in dismissing Appellant's amended counterclaims against BNYM.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Appellants' appeal is without merit.

## I. Motion to Dismiss BNYM's Complaint for Foreclosure

Appellants argue that the circuit court erred in denying their motion to dismiss BNYM's complaint for foreclosure. Hawaii Revised Statutes (**HRS**) § 641-1(a) (Supp. 2015) provides that "[a]ppeals shall be allowed in civil matters from all <u>final judgments</u>, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court[.]" (Emphasis added.). "[Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 54(b) specifies the manner in which an appeal under HRS § 641-1(a) is to be taken in a multiple claims or multiple parties case." <u>TBS Pac., Inc. v. Tamura</u>, 5 Haw. App. 222, 228, 686 P.2d 37, 43 (1984); <u>see</u> HRS § 641-1(c) (1993) ("An appeal shall be taken in the manner . . . provided by the rules of court."). HRCP Rule 54 provides:

Rule 54. JUDGMENTS; COSTS; ATTORNEYS' FEES.

(a) **Definition; form.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

(b) **Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties

2

are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"[W]hen an appeal is taken from such a [HRCP Rule 54(b)] judgment, the trial court is divested of jurisdiction with respect to the claim as to which the judgment was entered but it retains jurisdiction over the remainder of the case." Territory by Choy v. Damon, 44 Haw. 557, 563, 356 P.2d 386, 390 (1960).

The circuit court's Judgment was entered pursuant to HRCP Rule 54(b) and disposed of Appellants' counterclaims against BNYM, but did not dispose of BNYM's foreclosure claims against Appellants. The Judgment specifically states, "This Judgment does not dispose of all claims or all parties as BNYM's claim against [Appellants], jointly and severally, for a confirmation of sale and a deficiency judgment will be entered, as appropriate, after sale or upon closing of the sale yet to be confirmed." In addition, the circuit court had not disposed of or entered a separate judgment for the claims raised in BNYM's complaint for foreclosure at the time that Appellants filed their appeal. Because the circuit court's Judgment only divested the circuit court of jurisdiction with respect to Appellants' counterclaims, but retained jurisdiction over the claims raised in BNYM's complaint for foreclosure, we do not have jurisdiction to review the circuit court's order denying Appellants' motion to dismiss BNYM's complaint for foreclosure. See Damon, 44 Haw. at 563, 356 P.2d at 390.

**II. Motion to Dismiss Appellants' Counterclaims**

The circuit court granted BNYM's motion to dismiss Appellants' counterclaims for wrongful foreclosure, declaratory judgment, quiet title, and unfair and deceptive trade practices (**UDAP**). On appeal, Appellants argue that their counterclaims

were well-pled and, therefore, the circuit court erred in granting BNYM's motion to dismiss.[2]

HRCP Rule 8(a) states: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." To satisfy HRCP Rule 8(a)(1), the pleading "must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Marsland v. Pang, 5 Haw. App. 463, 475, 701 P.2d 175, 186 (1985) (citation and internal quotation marks omitted).

A pleading that fails to satisfy HRCP Rule 8(a) may be dismissed pursuant to HRCP Rule 12(b)(6)[3] for failure to state a

_____

[2] Appellants also argue that they were entitled to attorneys' fees, under HRCP Rule 11, for the time Appellants' attorneys spent preparing a response to an earlier motion BNYM filed, but then later withdrew. Appellants, however, did not file a motion for HRCP Rule 11 sanctions below and, therefore, cannot now argue that the circuit court erred in not granting sanctions. See HRCP Rule 11(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b) [of HRCP Rule 11].").

[3] HRCP Rule 12(b)(6) provides:

> Rule 12.    DEFENSES AND OBJECTIONS -- WHEN AND HOW PRESENTED -- BY PLEADING OR MOTION -- MOTION FOR JUDGMENT ON THE PLEADINGS.
>
>     . . . .
>
> (b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.] . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

claim upon which relief can be granted, however, it is well established that

> [a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. We must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint our consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true.

In re Estate of Rogers, 103 Hawai'i 275, 280-81, 81 P.3d 1190, 1195-96 (2003) (citations, brackets in original, and ellipsis omitted) (quoting Blair v. Ing, 95 Hawai'i 247, 252, 21 P.3d 452, 457 (2001)). "[I]n weighing the allegations of the complaint as against a motion to dismiss, the court is not required to accept conclusory allegations on the legal effect of the events alleged." Marsland, 5 Haw. App. at 474, 701 P.2d at 186.

> While a complaint attacked by [an HRCP] Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact).

Pavsek v. Sandvold, 127 Hawai'i 390, 403, 279 P.3d 55, 68 (App. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## A. Wrongful Foreclosure

Appellants argue that the circuit court erred in dismissing their wrongful foreclosure counterclaim. Appellants asserted a counterclaim for wrongful foreclosure based on their belief that they were the legal owners of the property that BNYM's sought to foreclose. Appellants challenged the assignment of their mortgage and argued that, "if the note and mortgage were transferred into a trust and securitized," then such a transfer violated the trust's pooling and service agreement (**PSA**), thereby invalidating any purported transfer. This court has held that "borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the

agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose." U.S. Bank Nat'l Ass'n v. Salvacion, 134 Hawaiʻi 170, 175, 338 P.3d 1185, 1190 (App. 2014). Therefore, even viewing Appellants' allegations in the light most favorable to them, Appellants wrongful foreclosure counterclaim failed to state a claim upon which relief could be granted and the circuit court did not err in dismissing their counterclaim. See Pavsek, 127 Hawaiʻi at 403, 279 P.3d at 68.

### B. Declaratory Judgment

Appellants contend the circuit court erred in dismissing their counterclaim for a declaratory judgment, which challenged the validity of the assignment of their mortgage from Mortgage Electronic Registration Systems, Inc. (**MERS**) to BNYM. Appellants' declaratory judgment counterclaim requested the circuit court "decide and declare that MERS was not the mortgagee on the mortgage and that it was a sham and fraud, and that MERS acted only as a strawman[,]" which we interpret as an allegation of fraud.

HRCP Rule 9(b) provides, "In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." "The rule is designed, in part, to insure the particularized information necessary for a defendant to prepare an effective defense to a claim which embraces a wide variety of potential conduct." Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 30, 837 P.2d 1273, 1288 (1992) (citation omitted). Therefore, "under [HRCP] Rule 9(b), general allegations of 'fraud' are insufficient because they serve little or no informative function, rather, a plaintiff must state the circumstances constituting fraud or mistake with particularity (e.g., allege who made the false representations) and specify the representations made." Id. at 30-31, 837 P.2d at 1288. (citations omitted). Having failed to state particularized allegations regarding the circumstances constituting fraud, the circuit court dismissal of declaratory judgment counterclaim was not erroneous. See id.

6

## C. Quiet Title

Appellants argue that the circuit court erred in dismissing their counterclaim for quiet title. Appellants' counterclaim states that, as the owner of the property being foreclosed upon, they are entitled to "have their legal title quieted against the claims of [BNYM]" pursuant to HRS § 669-1 (1993).

HRS § 669-1(a) provides that a quiet title action "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." Appellants' quiet title action required a showing that they had a substantial interest in the property and that their title was superior to that of BNYM. See Maui Land & Pineapple Co. v. Infiesto, 76 Hawai'i 402, 408, 879 P.2d 507, 513 (1994) ("While it is not necessary for the plaintiff to have perfect title to establish a prima facie [quiet title] case, he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants."). Therefore, "[i]n order for mortgagors to quiet title against the mortgagee, the mortgagors must establish that they are the rightful owners of the property and they have paid, or are able to pay, the amount of their indebtedness." Caraang v. PNC Mortg., 795 F.Supp.2d 1098, 1126 (D. Haw. 2011) (citing Phillips v. Bank of America, 2011 WL 240813, at *13 (D. Haw. Jan. 21, 2011)) (interpreting HRS § 669-1); Ramos v. Chase Home Fin., 810 F.Supp.2d 1125, 1143 (D. Haw. 2011) ("[I]n order to assert a claim for 'quiet title' against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of indebtedness.").

Citing Amina v. Bank of New York Mellon, 2012 WL 3283513 (D. Haw. Aug. 9, 2012), Appellants argue that "the borrower does not need to tender payment or allege that the promissory note and mortgage were paid where the borrower brings a quiet title action against a party, who, according to the complaint, is not a mortgagee." (Emphasis omitted.) Appellants'

reliance on Amina is misplaced and ignores a critical clarification in the Amina holding, which states:

> To be clear . . . this is not a case where Plaintiffs assert that Defendant's mortgagee status is invalid (for example, because the mortgage loan was securitized or because Defendant does not hold the note). On their own, such allegations would be insufficient to assert a quiet title claim – they admit that a defendant is a mortgagee and attack the weakness of the mortgagee's claim to the property without establishing the strength and superiority of the borrower's claim (by asserting an ability to tender).

Id. at *5 (emphasis added); see Bank of America, N.A v. Hermano, No. CAAP-13-0006069 at *4 (App. June 22, 2016) (SDO) (holding that appellant's nearly identical argument, which also relied upon a misreading of the holding in Amina, was misplaced). Appellants' counterclaim did not allege that they paid, or were able to pay, the outstanding debt on their property so as to demonstrate the superiority of their claim. Appellants argument is, therefore, without merit and the circuit court did not err in dismissing their quiet title counterclaim. See Pavsek, 127 Hawai'i at 403, 279 P.3d at 68.

### D. UDAP

Appellants argue that the circuit court erred in dismissing their UDAP counterclaim, which was made pursuant to HRS § 480-2 (2008 Repl.).

HRS § 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." "[A] deceptive act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances where (3) the representation, omission, or practice is material." Courbat v. Dahana Ranch, Inc., 111 Hawai'i 254, 262, 141 P.3d 427, 435 (2006) (internal quotation marks and brackets omitted) (quoting FTC v. Verity Int'l, Ltd., 443 F.3d 48, 63 (2d. Cir. 2006)). Furthermore, "[a] representation, omission, or practice is considered 'material' if it involves 'information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." Courbat, 111 Hawai'i at 262, 141 P.3d at 435 (internal

quotation marks omitted) (quoting <u>Novartis Corp. v. FTC</u>, 223 F.3d 783, 786 (D.C. Cir. 2000)).

Appellants' UDAP counterclaim alleges that "[t]he acts and conduct of [BNYM], its agents, predecessors, and MERS constitute an unfair or deceptive trade practice in the conduct of their trade or commerce as either or both mortgage lenders, mortgage servicers, mortgage holders, or claimants, debt collectors, and/or finance companies." Appellants' UDAP counterclaim appears to be based on their theory that BNYM was attempting to wrongfully foreclose upon Appellants' mortgage.

Notably absent from Appellants' UDAP counterclaim is any factual allegations detailing if and when Appellants were misled by BNYM's or MERS' purported actions, so as to identify the grounds for Appellants' UDAP relief. See <u>Pavsek</u>, 127 Hawai'i at 403, 279 P.3d at 68. Because Appellants did not allege facts that could form the basis of Appellants' UDAP claim, Appellants failed to state a claim upon which relief could be granted and the circuit court did not err in dismissing their counterclaim. See <u>id.</u>

### III. Motion to Dismiss Appellants' Amended Counterclaims

Appellants also argue that the circuit court erred in granting BYNM's motion to dismiss Appellants' amended counterclaims for wrongful foreclosure, UDAP violation, and quiet title.

### A. Wrongful Foreclosure

Appellants' wrongful foreclosure claim challenged various assignments of their mortgage on the grounds that (1) MERS' transfer of Appellants' mortgage violated the terms of the securitized trust's PSA and (2) the instrument assigning the mortgage was signed by a "robo-signer."

First, as we previously held, "borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to

the assignee's standing to foreclose." Salvacion, 134 Hawai'i at 175, 338 P.3d at 1190.

Second, Appellants asserted no factual allegations as to how the alleged robo-signing caused them harm and, therefore, Appellants' bare allegation of robo-signing fails to state a claim upon which relief can be granted. See U.S. Bank Nat. Ass'n v. Benoist, No. CAAP-14-0001176 at *4 (App. Nov. 12, 2015) (SDO) ("[C]onclusory assertions of 'robo-signing' fail to state a plausible claim." (quoting Lee v. Mortg. Elec. Registration Sys., Inc. [MERS], 2012 WL 2467085, at *5 (D. Haw. June 27, 2012))); see also Nottage v. Bank of New York Mellon, 2012 WL 5305506, at *6 (D. Haw. Oct. 25, 2012) (summarizing case law where courts have rejected the "robo-signing" argument).

The circuit court did not err in dismissing Appellants' amended wrongful foreclosure counterclaim. See Pavsek, 127 Hawai'i at 403, 279 P.3d at 68.

### B.  UDAP

Like the original counterclaim, Appellants' amended counterclaim includes the bare allegation that "[t]he acts and conduct of [BNYM], its agents, predecessors, and MERS constitute an unfair or deceptive trade practice in the conduct of the business or trade by [BNYM] as either or both mortgage lenders, mortgage servicers, mortgage holders or claimants, debt collectors, and/or finance companies." Again, Appellants' UDAP counterclaim appears to be based on the theory that BNYM was attempting to wrongfully foreclose on Appellants' mortgage, and their counterclaim fails to allege if and how they were misled. See Courbat, 111 Hawai'i at 262, 141 P.3d at 435. Therefore, the circuit court did not err in dismissing Appellants' amended UDAP counterclaim. See Pavsek, 127 Hawai'i at 403, 279 P.3d at 68.

### C.  Quiet Title

Appellants amended quiet title counterclaim alleged that BNYM was "not the owner and/or holder of [Appellants'] mortgage loan" and sought to quiet the title to their property. Like Appellants' original quiet title counterclaim, Appellants' amended quiet claim counterclaim again does not allege that they

10

paid or were able to pay their outstanding loan balance so as to indicate that they had superiority in title.  See Ramos, 810 F.Supp.2d at 1143; see also Maui Land & Pineapple Co., 76 Hawai'i at 408, 879 P.2d at 513.  Therefore, the circuit court did not err in dismissing Appellants' amended quiet title counterclaim.  See Pavsek, 127 Hawai'i at 403, 279 P.3d at 68.

### IV.  Constitutional Rights to Due Process and Equal Protection

On appeal, Appellants argue that, "[b]y granting summary judgment to [BNYM] and dismissing Appellants' counterclaims, the Circuit Court violated their constitutional rights to due process and equal protection by denying them property, possession, and ownership interests."  "The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner."  Price v. Zoning Bd. Of Appeals of City & Cnty. of Honolulu, 77 Hawai'i 168, 172, 883 P.2d 629, 633 (1994) (quoting Evans v. Takao, 74 Haw. 267, 282, 842 P.2d 255, 262 (1992)).  "[T]he manner in which the justice system operates must be fair and must also appear to be fair."  Mauna Kea Anaina Hou v. Bd. of Land & Nat. Res., 136 Hawai'i 376, 389, 363 P.3d 224, 237 (2015) (citing Sifagaloa v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i, 74 Haw. 181, 190, 840 P.2d 367, 371 (1992)).

Appellants provide no argument for how the dismissal of their counterclaims and amended counterclaims violated their due process rights.  The record indicates that Appellants were given notice and opportunities to be heard throughout the circuit court proceedings, as evidenced by the two oppositions that Appellants filed in response to BNYM's motions to dismiss and the two hearings that the circuit court held before granting BNYM's motions.[4]  Appellants due process argument is without merit.  Therefore,

---

[4]     We note that Appellants did not include the transcripts of the hearings in the record on appeal.

IT IS HEREBY ORDERED that the Judgment entered on August 19, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 16, 2016.

On the briefs:

R. Steven Geshell
for Defendants/Counterclaimants/
Appellants.

Sharon V. Lovejoy
Andrew J. Lautenbach
Lindsay E. Orman
(Starn O'Toole Marcus & Fisher)
for Plaintiff/Counterclaim-
Defendant/Appellee.

Presiding Judge

Associate Judge

Associate Judge